UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-053 |
| | ) | |
| PATRICK RYAN SMITH | ) | |

### MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for appointment of counsel. [Doc. 74]. The United States has responded in opposition to the motion. [Docs. 77, 81]. The defendant has not submitted a reply within the time allowed by this court's Local Rules.

The matter is now ripe for the Court's consideration. For the reasons stated below, the motion will be denied.

### I. BACKGROUND

A jury found the defendant guilty of four counts of being a felon in possession of firearms and ammunition. In August 2019, this Court sentenced him to a 53-month term of imprisonment. The defendant is presently housed at FCI Terre Haute with a projected release date of January 24, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 23, 2020). The defendant now moves for immediate release from prison due to the COVID-19 pandemic, asthma, COPD, and a hernia.

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Beyond this change, the statute still applies the same requirements to a defendant's motion for compassionate release as previously applied to motions by the BOP Director. *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and

2

the accompanying application notes. *See United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *3 (S.D. Ind. May 9, 2019). While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *Id.* at *2 (citations omitted). Moreover, the Court has no reason to believe that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider. *See id.* (concluding likewise).

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A)(i), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether a movant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

## A. Exhaustion

The defendant has previously submitted a request for compassionate release to the BOP, and more than 30 days have passed since that request was received by the warden. [Doc. 74, ex. 1]. The Court thus has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 832.

3

B. **Merits**

1. **Extraordinary and Compelling Reasons**

The Application Notes to guideline 1B1.13 provide, in material part:

1. Extraordinary and Compelling Reasons.— ... [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

The Court construes the defendant's motion as relying on subsection (A)(ii)(I). As mentioned, he cites the COVID-19 pandemic, asthma, COPD, and a hernia.

Medical records submitted by the United States document a history of asthma. [Doc. 81]. April 2020 chest x-rays showed hyperinflated lungs with chronic coarse interstitial markings. [*Id.*]. Persons with moderate to severe asthma and damaged or scarred lung tissue are currently considered to possibly be at increased risk of serious illness from

4

COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 23, 2020).

Based on the record discussed above, the Court will presume without finding, *solely for the purpose of the instant motion* and in deference to the defendant's *pro se* status, that the defendant has demonstrated an "extraordinary and compelling reason" for compassionate release.

### 2. Danger to Any Other Person or to the Community

The defendant, however, has not shown that he would not be a danger if released. Guideline 1B1.13 provides that compassionate release is only appropriate where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(2). Section 3142(g) outlines the factors the Court must consider in determining whether a defendant should be detained pending trial. Specifically, § 3142(g) provides:

> (g) Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court has considered the above-listed factors and has refamiliarized itself with the defendant's PSR. The Court has also considered the defendant's BOP SENTRY Report.

The Court appreciates that the defendant has thus far not incurred any disciplinary sanctions during his current incarceration. The Court also appreciates his prison employment and participation in educational and vocational programming. Those points, however, are outweighed by the defendant's criminal history and the circumstances of the convictions in this case.

As noted, in this case the defendant was found guilty of being a previously convicted felon in possession of three firearms and ammunition. His criminal history includes convictions for: reckless endangerment with a motor vehicle (in which he allegedly also used a baton and threatened to kill the victim); theft; reckless driving (two convictions); simple assault (three convictions, in which he allegedly shot a firearm in the air, pointed it at two victims, and threatened to kill them); evading arrest, failure to appear (two

convictions); and multiple controlled substance offenses. [Doc. 53, ¶¶ 30-36, 38, 42-43]. There have been two probation revocations. [*Id.*, ¶¶ 31, 43]. There are pending charges for methamphetamine manufacture, firearm possession, and assaulting a law enforcement officer and a marshal of this court. [*Id.*, ¶¶ 46-47]. Additionally, the defendant has a lengthy history of polysubstance abuse. [*Id.*, ¶ 65].

The defendant's troubling criminal record, the facts underlying his convictions in this case, and his significant history of addiction leaves the Court unable to find that he would not pose a danger to the safety of another person or the community if released at this time. For this reason, the defendant's motion must be denied.

### 3. Section 3553(a) Factors

The facts underlying a review of the 18 U.S.C. 3553(a) factors in this case are essentially the same as those considered in the preceding section of this memorandum. The requested sentence reduction in this case would not reflect the seriousness of the offense of conviction, would not promote respect for the law or afford adequate deterrence, and would not adequately protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(2). For these additional reasons, the defendant's compassionate release request must be denied.

## III. APPOINTMENT OF COUNSEL

There is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. § 3006A(a)(2), to appoint

counsel when "the interests of justice so require." In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant. The defendant's request for appointment of counsel will accordingly be denied.

## IV. CONCLUSION

As provided herein, Defendant's motion for compassionate release and appointment of counsel [doc. 74] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge