UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-053 |
| | ) | |
| PATRICK RYAN SMITH | ) | |

**MEMORANDUM AND ORDER**

By memorandum and order entered September 28, 2020, this Court denied the defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 83]. In its prior ruling, the Court presumed without deciding that the defendant had shown "extraordinary and compelling" grounds for compassionate release under the then-applicable standard of U.S.S.G. § 1B1.13. The Court nonetheless denied the defendant's motion because: (1) the defendant had not shown—again under the then-applicable standard of U.S.S.G. § 1B1.13—that he would not be a danger to the safety of any other person or to the community if released; **and** (2) because his release would not be consistent with the 18 U.S.C. § 3553(a) factors.

Now before the Court is the defendant's "*Pro Se* Petition for Reconsideration for Compassionate Release 18 U.S.C. § 3582(c)(1)(A)(i)." [Doc. 86]. In light of an intervening change in the law, *see United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020), the defendant's filing will be considered as a renewed motion for compassionate release.

The Court finds that a response to the instant motion is unnecessary. For the reasons that follow, the motion will be denied.

## I. BACKGROUND

A jury found the defendant guilty of four counts of being a felon in possession of firearms and ammunition. In August 2019, this Court sentenced him to a 53-month term of imprisonment. The defendant is presently housed at FCI Terre Haute with a projected release date of January 24, 2022. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 15, 2021). In the instant motion, the defendant correctly points out that U.S.S.G. § 1B1.13 "is no longer an independent basis upon which a district court may deny a defendant-filed motion for release."

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. §

3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. When the undersigned denied the defendant's prior compassionate release motion in September 2020, district courts in this circuit regularly turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" warranting a sentence reduction. However, as of November 20, 2020, courts are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).

In *Jones*, the Sixth Circuit observed that "[d]istrict courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." 980 F.3d at 1114. Subsequently, in *Elias*, the appellate court "clarified" that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." 984 F.3d at 519.

In its prior ruling, this Court considered the 18 U.S.C. § 3553(a) factors and concluded that "[t]he requested sentence reduction in this case would not reflect the seriousness of the offense of conviction, would not promote respect for the law or afford

3

adequate deterrence, and would not adequately protect the public from future crimes." [Doc. 83, p.7]. That reason for denying the defendant's motion was separate from the Court's then-mandatory consideration of U.S.S.G. § 1B1.13, providing a distinct and still-viable basis for the Court's decision. *Elias*, 984 F.3d at 519.

The Court has considered the arguments raised in the defendant's renewed motion and finds no cause to alter its prior consideration of the 3553(a) factors. For that reason, the defendant's renewed compassionate release request will be denied.

### III.  CONCLUSION

As provided herein, the defendant's "*Pro Se* Petition for Reconsideration for Compassionate Release 18 U.S.C. § 3582(c)(1)(A)(i)." [doc. 86] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge