UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PATRICK RYAN SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 3:21-CV-331 |
| ) | 3:18-CR-053 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Before the Court is Patrick Ryan Smith's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 91].[1] The United States has responded in opposition [Doc. 9], and Petitioner has filed a reply [Doc. 11]. In his reply brief [Doc. 11], Petitioner requested the Court to appoint counsel. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 91] and motion for counsel [Doc. 11] will be **DENIED**.

### I. BACKGROUND

In May 2018, Petitioner was charged in a four-count indictment for being a felon in possession of firearms and ammunition. [Crim. Doc. 2]. Petitioner was initially appointed Assistant Public Defender Bobby E. Hutson, Jr. ("Attorney Hutson") as counsel, but the Court allowed Attorney Hutson to withdraw on August 8, 2018, citing a complete

---

[1] Document numbers not otherwise specified refer to the civil docket.

breakdown of the attorney-client relationship. [Crim. Doc. 19]. The Court then appointed attorney Christopher Rodgers ("Attorney Rodgers") as counsel for Petitioner. [*Id*.].

On November 14, 2018, Petitioner, through counsel, filed a motion to suppress all evidence, including the firearms and ammunition, and statements made by Petitioner citing Fourth, Fifth, and Sixth Amendment violations. [Crim. Doc. 22]. In this motion, Petitioner argued that the officers did not have reasonable suspicion or probable cause for approaching Petitioner on private property; that even if there was probable cause for the encounter, Petitioner was unlawfully detained; and that officers failed to provide *Miranda* warnings before soliciting incriminating statements from Petitioner. [*Id*.]. The Court held a hearing on Petitioner's motion on December 12, 2018, and issued a Report and Recommendation ("R&R") that the motion to suppress be denied. [Crim. Doc. 28]. The Court provided a highly detailed factual account of the police encounter with Petitioner in the R&R section titled, "FINDINGS OF FACT," which the Court incorporates as if contained herein. [Crim. Doc. 28, pp. 14-19].

Petitioner did not file any objections to the R&R, and the Court, after reviewing the record and the R&R, adopted the R&R in whole and denied Petitioner's motion to suppress. [Crim. Doc. 29]. One week before trial, Attorney Rodgers filed a motion to withdraw as Petitioner's attorney [Crim. Doc. 35]. The Court held a hearing and ultimately denied the motion. [Crim. Doc. 38]. On April 23, 2019, Petitioner's trial began. [Crim. Doc. 39]. On April 24, 2019, the jury returned guilty verdicts on all 4 counts of the Indictment. [Crim. Doc. 43].

The second Revised Presentence Investigation Report ("PSR") calculated a total offense level of 22 and a criminal history category of III, resulting in an Advisory Guidelines range of 51 to 63 months' imprisonment. [Crim. Doc. 53, ¶ 70].

The United States filed a notice of no objections to the PSR. [Crim. Doc. 51]. The government also filed a sentencing memorandum wherein it concurred that the correct Advisory Guidelines range was 51 to 63 months' imprisonment and requested a sentence within that range. [Crim Doc. 55]. Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 50]. Petitioner, through counsel, also filed a sentencing memorandum requesting a sentence of 51 months' imprisonment. [Crim. Doc. 54].

On August 14, 2019, the Court sentenced Petitioner to a total of 53 months' imprisonment as to each count, to run concurrently, and then three years of supervised release. [Crim. Doc. 60]. Petitioner filed an appeal on August 27, 2019 [Crim. Doc. 62], and the Court of Appeals affirmed Petitioner's sentence on July 31, 2020, finding that Petitioner's failure to object to the R&R regarding his motion to suppress forfeited his right to appeal on that issue. [Crim. Doc. 73]. On September 16, 2021, Petitioner filed this timely § 2255 motion to vacate.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to

3

obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). To obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W. D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to

4

determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise four claims in this § 2255 motion: 1) ineffective assistance of counsel for failing to object to the R&R regarding his motion to suppress, 2) that the police stop was excessive in scope and duration, 3) that the police stop was illegal based on a "bogus trespass detention," and 4) that the person who called the police was not an honest person and did not provide enough information for the police to justify stopping Petitioner. [Doc. 1; Crim. Doc. 91]. The Court will first address Petitioner's motion for counsel [Doc. 11], then Claims 2-4 together, and finally, Claim 1.

#### A. Motion for Counsel [Doc. 11]

In his reply brief, Petitioner requested a court-appointed attorney to assist him with his claims. [Doc. 11]. However, there is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further");

5

*Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

As set forth below, Petitioner has adequately presented his claims to the Court without the benefit of counsel, and the Court has found the issues to be without merit. None of Petitioner's claims are legally or factually complex to warrant counsel. Petitioner has also failed to offer any material facts that would justify the appointment of counsel. Accordingly, his motion for counsel [Doc. 11] will be **DENIED**.

### B. Claims 2-4 – Claims Regarding the Police Stop

Petitioner's Claims 2-4 all relate to the police stop which gave rise to Petitioner's charges. Petitioner claims that the officers had no probable cause to approach him initially and used the "bogus trespass detention [as] a ruse" (Claim 3) because the person who initially made the tip about Petitioner to the police was a dishonest person and did not make the tip in person (Claim 4). [Doc. 1] Petitioner further alleges that the illegal search was excessive in scope and duration in violation of the Fourth Amendment (Claim 2). [*Id.*]. The United States responds that Petitioner's Claims 2-4 are procedurally defaulted as Petitioner did not raise these claims on appeal, and Petitioner has not shown "cause" and actual

6

"prejudice" to bring these claims in habeas, nor has he shown that he is "actually innocent." [Doc. 9].

First, Petitioner raises Fourth Amendment claims which cannot be raised as free-standing claims in collateral proceedings. *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (holding that Fourth Amendment Violations are not reviewable in a § 2255 motion absent a showing that the prisoner denied an opportunity for full and fair litigation of these claims at trial and on direct appeal). Here, Petitioner has not shown that he was denied an opportunity for a full and fair litigation of these issues as there was briefing by the parties and a full hearing on Petitioner's suppression motion which raised these same Fourth Amendment violation claims. [*See* Crim. Docs. 22-25].

Second, Petitioner failed to raise the issues presented in Claims 2-4 on appeal. Thus, Petitioner is procedurally defaulted from bringing these claims. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.") (citing *United States v. Frady*, 456 U.S. 152, 167-168 (1982), and *Bousley v. United States*, 523 U.S. 614, 621–22 (1998)). However, Petitioner can overcome the default by showing cause and prejudice or that he is actually innocent.

Here, Petitioner has not attempted to show that he is actually innocent. *Bousley*, 523 U.S. at 622-23. While Petitioner seems to attempt to show cause by attributing his failure to raise these issues on appeal to ineffective assistance of counsel, Petitioner has not established that these issues were "clearly stronger" than the one issue raised by counsel – that the Court erred in denying the motion to suppress on Fourth Amendment grounds. [*See*

7

Crim. Doc. 73]; *see also Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003). Counsel is not required to litigate every possible issue on appeal, and the burden is on Petitioner to show that counsel was incompetent for failing to raise a particular issue on appeal. *Coleman v. Mitchell*, 268 F.2d 417, 430-31 (6th Cir. 2001); *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Here, Petitioner has not met his burden. Accordingly, Petitioner's Claims 2-4 will be **DENIED** as procedurally defaulted.

### C. Claim 1 – Ineffective Assistance of Counsel

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the

8

circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id*. at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner alleges that counsel provided ineffective assistance for failing to object to the R&R that Petitioner's motion to suppress should be denied. [Doc. 1]. This failure to object resulted in the forfeiture of Petitioner's suppression claim on appeal. [*See* Crim. Doc. 73].

Petitioner's claim fails at *Strickland's* second step. Petitioner has not shown that any objections to the R&R would have been successful and that the evidence would have been suppressed. The reasoning set forth in the R&R [Crim. Doc. 28] for denying Petitioner's motion to suppress[2] is consistent with Sixth Circuit precedent, and Petitioner has not established otherwise. Had defendant's trial counsel objected to the report and recommendation, there is no "reasonable probability that ... the result of the proceeding

---

[2] The Court adopted the R&R in its entirety after a thorough review of the video footage, the parties' briefing, Petitioner's motion, and the R&R. [Crim. Doc. 29].

9

would have been different." *Strickland,* 466 U.S. at 694. Indeed, it is virtually a certainty that the result would have been the same since the Court reviewed the testimony and video footage and reached the same conclusion as the magistrate.

Accordingly, as Petitioner has failed to satisfy both prongs of the *Strickland* test, Petitioner's Claim 1 will be **DENIED**.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 91] will be **DENIED** and **DISMISSED**, and Petitioner's motion for counsel [Doc 11] will be **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the

dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge